IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JASON MOORE,**

    **Petitioner,**

**v.**                                                     **Civil Action No 5:17-CV-39**

**STEVEN KALLIS,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I.    Procedural Background

On March 31, 2017, the pro se Petitioner, Jason Moore, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. ECF No. 1. On April 3, 2017, the Petitioner was granted leave to proceed in forma pauperis. ECF No. 5. On August 11, 2017, following a preliminary review, which determined that summary dismissal was not appropriate, the Respondent was ordered to show cause why the Petition should not be granted. ECF No. 9. On October 31, 2017, after being granted 2 extensions of time, the Respondent filed a Motion to Dismiss or Alternatively for Summary Judgment, together with a supporting memorandum of law. ECF Nos. 18 and 19. On November 1, 2017, a Roseboro notice was issued [ECF No. 20], and on November 30, 2017, the Petitioner filed his reply. ECF No. 22. Upon review of the Respondent's motion and the Petitioner's reply, the undersigned directed the Respondent to file a supplemental response regarding the Petitioner's revised projected release date after awarding him a *nunc pro tunc* designation of a state prison for service of his federal sentence.[1] The

---

[1] In requesting the supplemental response, the undersigned noted that he was unable to reconcile the recalculation of the Petitioner's projected release date, and in particular, the 77 months that were awarded *nunc pro tunc*.

1

Petitioner was afforded 21 days to file any reply he deemed appropriate. ECF No. 24. On April 18, 2018, the Respondent filed his supplemental response. ECF No. 26. The Petitioner has not filed any reply.

## II.     Background Facts

On February 7, 2004, Ohio state authorities arrested the Petitioner after he attempted an armed robbery of a convenience store. Moore v. United States, 2017 WL 68494 at *1 (N.D. OH January 6, 2017); ECF No. 19-1 at 1. Beginning on May 26, 2004, federal authorities borrowed the Petitioner to address federal charges stemming from the attempted robbery. Id.  On October 7, 2004, the United States District Court for the Northern District of Ohio sentenced the Petitioner to a total of one-hundred sixty-one (161) months in federal prison for being a convicted felon in unauthorized possession of a firearm, attempting to interfere with interstate commerce through threats and violence, and using a firearm during a crime of violence. ECF No. 19-1 at 11.  More specifically, the sentencing judge sentenced the Petitioner to 77 months in prison for the attempted interference charge and 77 months in prison for possessing a firearm, but directed that those sentences be served concurrently with each other. Id.  In addition, the sentencing judge sentenced the Petitioner to 84 months in prison for using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).  The sentencing judge directed the Petitioner to serve the 84 month sentence for violating 18 U.S.C. section 924(c)(1)(A) *consecutively* to the other charges. Id.  The federal judgment contained no recommendation regarding whether the Petitioner's federal sentence should run consecutively or concurrently with any other existing or prospective sentence.  Id. On October 18, 2004, the United States Marshall Service returned the Petitioner to Ohio

state custody following his federal sentencing. ECF No. 19-1 at 2. On October 18, 2004, the Court of Common Pleas in Trumbull County, Ohio, sentenced the Petitioner to a total of 11 years in state prison for aggravated robbery and kidnapping. ECF No. 19-1 at 18. The state judge directed that the Petitioner would receive credit toward his state sentence for the time period between February 8, 2004, through October 18, 2004. Id. at 19. The state sentencing judge also directed that the Petitioner's state sentence should be concurrent with the previously imposed federal sentence in the Northern District of Ohio Case No. 4:04-cr-288. Id. at 18-19. On January 16, 2015, the Petitioner completed his state sentence, and Ohio state authorities released the Petitioner into the custody of the United States Marshal Service so that he could begin serving his federal sentence. ECF No. 19-1 at 21.

### III.     The Pleadings

The petition raises 2 primary issues:

1. The BOP abused his discretion in not crediting the entirety of his state incarceration against his federal sentence.

2. The failure of the Ohio authorities to make them aware of the nature of his "concurrent" sentences deprived him of his due process rights.

For relief, the Petitioner seeks an order from this court directing the BOP to recalculate his federal release date so that his state time is credited against his federal sentence. He also seeks a declaration from this court that the state authorities violated his due process rights by not advising him of the nature of his concurrent sentences and directing the BOP to release him from custody.

**B. Motion to Dismiss or for Summary Judgment**

In support of his alternative motions, the Respondent argues that the BOP has exclusive discretion to compute federal prison sentences, and the BOP properly exercised that discretion to recalculate the Petitioner's federal sentence to be concurrent with the State sentence to the full extent permitted by law and BOP policy. Therefore, the Respondent maintains that this petition is now moot.

**C. Petitioner's Reply**

In his reply, the Petitioner acknowledges that after he filed his section 2241 petition, the BOP recalculated his federal sentence pursuant to a nunc pro tunc designation. However, because the BOP's recalculation of his federal sentence did not give him the complete relief he was seeking, and in light of what he alleges is a violation of his due process rights, the Petitioner argues that he "is in custody in Violation of the Constitution of Laws or Treaties of the United States, pursuant to 28 U.S.C. § 2241 (c)(3)." ECF No. 22 at 3. In particular, the Petitioner argues that the State's plea agreement did not give him, or his counsel, any indication that the concurrent sentence recommendation offered to him could possibly make his state and federal sentences be made to be served consecutively. The Petitioner further argues that the responsibility for the lack of clarity in the plea agreement rests with the [state] prosecutor. The Petitioner further argues that a plea agreement can be considered a contract, and if the government breaks one of its promises, the defendant is entitled to appropriate relief.

**D. Respondent's Supplemental Response**

The Respondent emphasizes that the statutory requirement that the Petitioner's 84 month sentence under 18 U.S.C. §924(c) must be consecutive to any other sentence, and the application of good conduct time complicates the computation of his

federal sentence. The Respondent has provided the Court and the Petitioner with various mathematical computations to describe his recalculated sentence, including the actual processes used by the BOP. As noted by the Respondent, each of these formulas results in a tentative projected release date of February 19, 2021. However, because the Petitioner has been sanctioned for multiple disciplinary infractions and loss good conduct time as a result, his projected release date has been delayed by a total of 47 days, or until April 7, 2021.

### IV.     Standard of Review

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In

Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B.   Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

### V.   Analysis

Following a federal conviction and sentencing, the United States Attorney General, acting through the BOP, is responsible for calculating an inmate's term of confinement, including a determination of when the sentence commenced. United States v. Wilson, 503 U.S. 329, 334 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b) which provides as follows:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences: (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

Id.

Under section 3585(a), "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody while awaiting transportation to, or arrives voluntarily to commence service of the sentence at, the official detention facility at which the sentence is to be served." As a general rule, when an inmate is facing sentences imposed by both federal and state authorities, the sovereign that first arrested the inmate retains primary custody over him until that sovereigns impose sentence is satisfied. United States v. Evans, 159 Fed 3d 908, 912 (4th Cir. 1998). When an inmate is borrowed pursuant to a writ of habeas corpus *ad prosequendum*, the original sovereign has "merely loan[ed] that prisoner to federal authorities" and does not forfeit its primary jurisdiction. Id. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Id.

Here, the State of Ohio did not lose its primary jurisdiction over the Petitioner when it lent him to federal authorities pursuant to the writ of habeas corpus *ad prosequendum*. Ohio maintained primary jurisdiction over the Petitioner until January 16, 2015, when he was released on parole and taken into federal custody for service of his federal sentence. Accordingly, the BOP originally computed the entirety of the Petitioner's 161 month federal sentence to begin on January 16, 2015, the date he was released from Ohio State custody into federal custody, and to run entirely consecutively to his State sentence. ECF No. 26-1 at 3. Therefore, the Petitioner's original projected release date from federal custody was calculated as September 22, 2026.

Although a federal prisoner is not entitled to receive credit towards his federal sentence for time that already has been applied to satisfy another sentence, the BOP retains exclusive discretion to designate where a particular prisoner will be incarcerated and to determine whether the prisoner may be deemed to begin serving his federal sentence while he is in state custody and before he arrives at a federal correctional facility. 18 U.S.C. § 3621(b); Evans, 159 F.3d at 911-12. Therefore when the Petitioner filed the instant action, the BOP considered it as a request for *nunc pro tunc* designation of the state facility for service of his federal sentence.

18 U.S.C.§ 3621(b) grants the BOP discretion to select the place of a federal prisoner's confinement, stating that the agency may "designate any available penal or correctional facility that meets minimum standards of health and habitability. . ., [regardless of] whether [the facility is] maintained by the Federal Government or otherwise. . ., that the [BOP] determines to be appropriate and suitable." 18 U.S.C. § 3621(b). "The phrase 'or otherwise' refers to the BOP's authority to designate federal prisoners to state prisons." Jefferson v. Berkebile, 688 F.Supp.2d 474, 486 (S.D.W. Va. 2010) (citing Evans, 159 Fed 3d at 911-12). The statute specifically directs the BOP to consider five factors in making this determination:

1. the resources of the facility contemplated;
2. the nature and circumstances of the offense;
3. the history and characteristics of the prisoner;
4. any statement by the court that imposed the sentence—

      (A) concerning the purpose for which the sentence to imprisonment was determined to be warranted; or

      (B) recommending a type of penal or correctional facility is appropriate; and

5. any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of Title 28.

Accordingly, under the statute, the BOP has the power to order a *nunc pro tunc* designation of a state facility as the place of imprisonment for a federal prisoner, essentially allowing for a retroactive concurrency through which the federal prisoner can receive credit against his federal sentence for time already served in the state facility. Jefferson, 688 F.Supp. 2d at 487 (citing Woodall v. Federal Bureau of Prisons, 432 Fed 3d 235, 245-46 (3d Cir. 2005)).

The BOP's policy on designating a non-federal institution for service of a federal sentence is set forth in BOP Program Statement 5160.05. Normally, designating a non-federal institution for the inmate is done when it is consistent with the Federal sentencing court's intent. ECF No. 19-1 at 78. The sentencing court's intent can be established at the time the sentence is imposed, by way of an order or recommendation, as recorded in a document such as a judgment and order of commitment. Failing that, in inmate can request a *nunc pro tunc* designation, as the Petitioner was construed has having done by filing this petition.

As part of determining whether to designate a state institution for service of a federal sentence, it is BOP policy to send a letter to the prisoner's sentencing court, with copies to the United States Attorney's office and US

probation office in which the BOP inquires as to the sentencing court's position on applying a retroactive designation. ECF No. 19-1 at 80. In keeping with this policy, in October 2017, the BOP corresponded directly with the federal judge who originally sentenced the Petitioner. The judge confirmed that she had no objection to the Petitioner's federal sentence running concurrently with the State sentence. ECF No. 19-1 at 4.

Accordingly, on October 5, 2017, the BOP recalculated the Petitioner's federal sentence to be current to the full extent possible in accordance with federal law and BOP policy. ECF No. 19-1 at 89-91. Specifically, the BOP recalculated the 77 month current sentences and awarded the Petitioner prior custody credit for 77 months to be served in state custody. However, the BOP could not award the Petitioner any credit towards his 87 month consecutive sentence for his conviction for use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). This inability stems from the provision of 18 U.S.C. § 924(D)(ii) which provides that"

> No term of imprisonment imposed on a person under this section shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried or possessed.

As a result of this recalculation, the Petitioner's projected release date via a good conduct time was moved forward from September 22, 2026 [ECF No. 19-1 at 4], to a tentative projected release date of February 19, 2021. However, because the Petitioner has been sanctioned for multiple disciplinary infractions that caused him to lose good conduct time, his projected release date has been extended by

11

a total of 47 days, and he is now projected to be released on April 7, 2021. ECF No. 26-1 at 10-12.

The undersigned recognizes that the Petitioner requests a declaratory judgment from this court regarding the actions of Ohio's state authorities. In particular, he argues that although the state sentencing judge ordered his State sentence to run concurrently with his previously imposed federal sentence, the same has not occurred. The Petitioner maintains that the failure of the Ohio authorities to make him aware of the nature of his "concurrent" sentences deprived him of his due process rights. However, this court has no authority over the actions taken in his State proceedings. Therefore, having been awarded a nunc pro tunc designation for service of his federal sentence in a state facility to the fullest extent possible in light of his 924(c) conviction, the Petitioner has received all of the relief to which he is entitled by virtue of his habeas petition, and the same is now moot.

### VI.    RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss or for Summary Judgment **ECF No. 18** be **GRANTED** and that Petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 **ECF No. 1** be **DENIED** and **DISMISSED WITH PREJUDICE**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made and the basis for such objection. A copy of such objections should also be submitted to

the United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested. Furthermore, upon entry of this Report and Recommendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: May 23, 2018

*/s/ James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE