IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JASON MOORE,

    Petitioner,

v.                              Civil Action No. 5:17CV39
                                          (STAMP)
STEVEN KALLIS,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**
**AND GRANTING RESPONDENT'S MOTION**
**TO DISMISS OR FOR SUMMARY JUDGMENT**

I.   Background

The pro se[1] petitioner, a federal inmate housed at FCI Hazelton, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. On October 7, 2004, the petitioner was sentenced in federal court to two 77-month sentences for attempting to interfere with interstate commerce through threats and violence and for unauthorized possession of a firearm; these sentences were to be served concurrently. ECF No. 28 at 2. The petitioner was also sentenced to 84 months for using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). ECF No. 28 at 2. Under § 924(c)(1)(D)(ii), the petitioner's 84-month sentence could not run concurrently with any other term of imprisonment. On

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

October 18, 2004, the petitioner was further sentenced by the Court of Common Pleas in Trumbull County, Ohio to 11 years for aggravated robbery and kidnaping. ECF No. 28 at 3. On January 16, 2015, the petitioner completed his state sentence and was transferred to federal custody. ECF No. 28 at 3.

This habeas petition arises out of the Federal Bureau of Prison's ("BOP") calculation of the petitioner's federal sentence. ECF No. 1. The petitioner makes two claims. First, the petitioner claims that the BOP acted unlawfully when it denied the petitioner credit for time served in state custody towards his federal sentence. ECF No. 1 at 5. Second, the petitioner claims that by failing to make him aware that his state and federal sentences would be served consecutively, the prosecutor for the State of Ohio deprived the petitioner of his due process rights. ECF No. 1 at 20.

The respondent filed a motion to dismiss or, alternatively, for summary judgment. ECF No. 18. In the respondent's memorandum in support, the respondent argues that the petition is moot. ECF No. 19 at 12. First, the respondent points out that "the BOP has exclusive authority and discretion to compute federal prison sentences," and that this includes the authority to determine whether the petitioner's federal sentence is to run concurrent with any other sentence. ECF No. 19 at 7. Second, the respondent argues that the petitioner has already received the relief

requested because the BOP recomputed his sentence so that the 77-month sentence ran concurrent with the state sentence. ECF No. 19 at 11. The BOP cannot do the same with the petitioner's 84-month sentence because under 18 U.S.C. § 924(c) that sentence cannot run concurrently with any other sentence. ECF No. 19 at 11. Thus, the petitioner has already received the full extent of relief permitted by law and BOP policy. ECF No. 19 at 11-12. Finally, the respondent argues that the petitioner's request for a declaratory judgment against the Ohio state authorities is not cognizable under a § 2241 petition since it would not entitle him to a speedier release from federal custody. ECF No. 19 at 11.

The petitioner then filed a response to the respondent's motion to dismiss. ECF No. 22. In his response, the petitioner requests that he be immediately released. ECF No. 22 at 11. The petitioner argues that the state court and state prosecutor created the "legitimate expectation that [the petitioner's] sentences" would be served concurrently. ECF No. 22 at 8. The petitioner argues that because of this legitimate expectation, he is entitled "to some measure of due process protection." ECF No. 22 at 9.

The respondent then filed a supplemental response. ECF No. 26. In the supplemental response, the respondent clarifies that the BOP originally computed the petitioner's entire sentence to run consecutively to the state sentence; after the petitioner filed his § 2241 petition, the BOP conferred with the federal sentencing

judge and recalculated his sentence. ECF No. 26 at 4-5. Under the BOP's recalculation, the 77-month sentence ran concurrently with the state sentence. ECF No. 26 at 5. However, the respondent argues that under 18 U.S.C. § 924(c), the petitioner's 84-month sentence cannot run concurrently with any other state or federal term of imprisonment. ECF No. 26 at 5. Under the BOP's current calculation, taking into consideration good conduct time lost for disciplinary infractions, the petitioner's projected release date is April 7, 2021. ECF No. 26 at 6.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge James E. Seibert. The magistrate judge then entered a report and recommendation. ECF No. 28. In that recommendation, the magistrate judge recommended that the respondent's motion to dismiss be granted and the petitioner's § 2241 petition be dismissed with prejudice. ECF No. 28 at 12. The magistrate judge found that the petitioner had already been awarded credit for his 77-month sentence for time spent serving his state sentence. ECF No. 28 at 11-12. Because 18 U.S.C. § 924(c) does not allow the petitioner's 84-month sentence to be served concurrently with his state sentence, the petitioner has already received all of the relief to which he was entitled. ECF No. 28 at 11-12. As to the petitioner's claim regarding the state authorities, the magistrate judge found that "this court has no

4

authority over the actions taken in [the petitioner's] State proceedings." ECF No. 28 at 12. Accordingly, the magistrate judge found that the petitioner's § 2241 petition is moot and should be denied and dismissed with prejudice. ECF No. 28 at 12.

The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within 14 days after being served a copy of the report and recommendation. Neither party filed any objections to the report and recommendation.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner did not file any objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## III. Discussion

After reviewing the parties' filings and the record, this Court is not "left with the definite and firm conviction that a mistake has been committed" by the magistrate judge. United States

v. Gypsum Co., 333 U.S. at 395. The magistrate judge correctly held the pro se petition to less stringent standards than those complaints drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Upon review, the magistrate judge concluded that "the [p]etitioner has received all of the relief to which he is entitled by virtue of his habeas petition, and the same is now moot." ECF No. 28 at 12. The magistrate judge correctly found that the BOP may not award the petitioner credit towards his sentence under 18 U.S.C. § 924(c). ECF No. 28 at 11.

Under 18 U.S.C. § 924(c)(1)(D)(ii), "no term of imprisonment imposed under [§ 924(c)] shall run concurrently with any other term of imprisonment." The Supreme Court has held that "any other term of imprisonment" includes both state and federal sentences. United States v. Gonzales, 520 U.S. 1, 5 (1997). See also Barnes v. Masters, No. 17-6073, 2018 WL 2149299, at *3 (4th Cir. May 10, 2018)("if Appellant's federal sentence commenced on the same date as his state sentence, at least some portion of his 84 month sentence for the firearms offense would have impermissibly run concurrently to his 14 year state sentence."). Here, the petitioner's 84-month sentence could not have run concurrently to his 11-year state sentence. Thus, the magistrate judge correctly found that the BOP's recalculation of the petitioner's sentence already grants the petitioner a concurrent sentence to the fullest extent possible. ECF No. 28 at 11.

6

Finally, the magistrate judge correctly noted that this Court has no authority over the actions taken in the petitioner's state proceedings. ECF No. 28 at 12. A declaratory judgment regarding the actions of the state authorities is not a remedy this Court can provide in response to a habeas motion.

Therefore, this Court finds that the findings of the magistrate judge are not clearly erroneous. Accordingly, the report and recommendation is affirmed and adopted in its entirety.

IV. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 28) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED. Additionally, the respondent's motion to dismiss or, alternatively, for summary judgment (ECF No. 18) is GRANTED.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to

object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: July 26, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE